JOHN W. HIGGINS, in equity, *vs.* HELEN E. BUTLER.

Waldo. Opinion December 27, 1886.

*Evidence. R. S., c. 82, § 98. Contract unreasonable. Equity.*

Where the defendant in a suit in equity is made a party as heir of the plaintiff's deceased wife, the plaintiff is thereby rendered incompetent as a witness by the provisions of R. S., c. 82, § 98.

Equity will not decree specific performance of an agreement when the evidence is conflicting and the agreement itself is unreasonable.

ON REPORT.

Bill in equity, reported by the justice presiding, upon bill, answer and proof, the parties agreeing thereto.

*Thompson and Dunton,* for the plaintiff.

Prior to the enactment of chapter 175, public laws of 1874, courts of equity had jurisdiction limited to the cases enumerated in chapter 77, R. S., but by chapter 175, P. L. 1874, which was incorporated into section 6, chap. 77, R. S., 1883, the court is empowered with " full equity jurisdiction, according to the usages and practice of courts of equity, and all other cases where there is not a plain, adequate and complete remedy at law."

In *Woodbury* v. *Gardner*, 77 Maine, 68, the court, in construing this statute, say, " until the St. 1874, c. 175, took effect, this court, on account of limited equity jurisdiction, could not decree specific performance of unwritten agreements for the conveyance of land under any circumstances. But now that this broad, general power is conferred, jurisdiction extends to the enforcement of all oral agreements when the parties have not a ' plain, adequate and complete remedy at law,' and the circumstances are such as to bring them within the established rules of equity governing such matters." See *Potter* v. *Jacobs*, 111 Mass. 32, 37 ; *Ash* v. *Hare*, 73 Maine, 403.

The complainant is a competent witness in this case. By the common law, parties could not testify, but that restriction was removed by R. S., c. 82, § 93, except in certain specified cases. Section 98 of R. S., c. 82, is as follows :

" The five preceding sections (meaning sections 93, 94, 95, 96 and 97) do not apply to cases, when at the time of taking testimony, or at the time of trial, the party prosecuting or the party defending, or any one of them, is an executor or an administrator, or is made a party as heir of a deceased party, except in the following cases :" and then follows five exceptions, which do not apply to this case.

In *Nash* v. *Reed*, 46 Maine, 168, where the question of the competency of witnesses arose, under circumstances similar

to the case at bar, the court say : " The question then legitimately before us is, , whether the witnesses, who were offered and excluded, were made a party as heirs of a deceased party." . .

In *Wentworth* v. *Wentworth*, 71 Maine, 74, which was an action by a widow to recover her dower against a tenant claiming to hold as heir of defendant's deceased husband, objection was made to competency of demandant's testimony, and the court say : " The statutory inhibition applies only in cases where the heir is made a party because he is an heir, and where the ancestor would have been a party were he alive."

The case of *Burleigh* v. *White*, 64 Maine, 23, relied on by the respondent at the hearing in this case, is not applicable.

If one purchases an estate with his own money and the deed be taken in the name of another, a trust results by presumption of law in favor of him paying the money. *Baker* v. *Vining*, 30 Maine, 121; *Buck* v. *Swasey*, 35 Maine, 41; *Dwinel* v. *Veazie*, 36 Maine, 509.

Trusts concerning lands, arising by implication of law, need not be declared by any writing. *Dudley* v. *Bachelder*, 53 Maine, 403.

Payment of the purchase money may be proven by parol. *Richardson* v. *Woodbury*, 43 Maine, 206; *Kelley* v. *Hill*, 50 Maine, 470; *Burleigh* v. *White*, 64 Maine, 23.

And this may be shown after the death of the trustee as well as before. Hill on Trustees, (4 Am. ed.) 154.

The same question arose in *Burleigh* v. *White*, 64 Maine, 23, and the court say, " A fraudulent design is not to be presumed ; it must be proved."

*J. H. Montgomery*, for the defendant, cited : Plaintiff not competent as a witness. R. S., c. 82, § 98; *Simmons* v. *Moulton*, 27 Maine, 496; *Wentworth* v. *Wentworth*, 71 Maine, 75; *Hubbard* v. *Johnson*, 77 Maine, 142. No resulting trust. R. S., c. 73, § 11; *Bates* v. *Hurd*, 65 Maine, 181; *Whitten* v. *Whitten*, 3 Cush. 200; *Spring* v. *Hight*, 22 Maine, 408; *Stevens* v. *Stevens*, 70 Maine, 92; *Gerry* v. *Stimson*, 60 Maine, 188; *Flint* v. *Sheldon*, 13 Mass. 448; *Cairns* v. *Colburn*, 104 Mass. 274. Specific performance can not be

decreed. *Woodbury* v. *Gardner*, 77 Maine, 71; *Hogan* v. *Wixted*, 138 Mass. 270; Story's Eq. Jur. § 130; *Glass* v. *Hulbert*, 102 Mass. 28; *Ash* v. *Hare*, 73 Maine, 403.

HASKELL, J. The orator seeks a decree, that the respondent shall convey certain real estate to him, upon two grounds.

I. That he may secure the benefit of a resulting trust that arose in his favor in the hands of his wife in her life-time, and at her death descended to the respondent.

II. That he may have specific performance of the respondent's agreement with him to make the conveyance.

The respondent by answer denies both the trust and the agreement, thereby casting the burden upon the orator to prove both.

Without the testimony of the orator, the evidence does not sustain the averment of the bill that the estate was held in trust; and to prove that issue the orator is not a competent witness. The respondent is summoned to answer the charge, that as heir of her mother the estate cast upon her is a trust estate, that was acquired and held by the mother in trust for the orator's use. She is thus "made a party as heir of a deceased party." R. S., c. 82, § 98; *Simmons* v. *Moulton*, 27 Maine, 496; *Burleigh* v. *White*, 64 Maine, 23; *Wentworth* v. *Wentworth*, 71 Maine, 72.

To prove the alleged agreement of the respondent to convey, the orator is a competent witness; because, touching that agreement the respondent is summoned to answer in her own right, and on her own account. It seems that the bill must be multifarious, as two distinct causes for relief are set out, but as no objection is urged on that account the court is constrained to decide the latter issue.

The property said to have been conveyed to the mother, and inherited by the respondent, and by her agreed to be conveyed to the orator, is valued by some witnesses at twelve hundred dollars. The consideration, that is said to have been paid by the orator for the respondent's agreement to convey, was the delivery of a horse valued by some witnesses at one hundred

dollars. Whatever agreement the respondent made, was doubtless under the impression, that she could not hold the land, but had only a claim against it for money, that she had expended in the support of her father's family, amounting to a considerable sum.

The evidence touching the agreement is so conflicting and unsatisfactory, and the agreement, standing by itself, as it must stand in this cause, is so unreasonable, that the court hesitates relief, and refers the parties to a court of law, where such damages may be recovered as the law may give. *Woodbury* v. *Gardiner*, 77 Maine, 71.

*Bill dismissed.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.